UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-24151-CIV-ALTONAGA/Reid

JAMES SANK,

      Plaintiff,

v.

CARNIVAL CORPORATION
LTD., *et al.*,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon review of Plaintiff, James Sank's Complaint [ECF No. 1], filed on June 12, 2026, asserting negligence claims against Defendants, Carnival Corporation Ltd., Sea Charters Tender Ltd.,[1] and the pseudonymous XYZ Corporation.[2] (*See generally id.*). Plaintiff alleges that "upon information and belief, [Sea Charters Tender Ltd.] is an entity based in Belize[.]" (*Id.* ¶ 3 (alterations added)).

Given the complexities of effecting service on a foreign defendant, on a fictitious defendant identified as "XYZ Coporation," and under the Court's inherent power to manage its docket to ensure the orderly progress of the case, *see, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55

---

[1] The Court observes that while Plaintiff names "Sea Charters Tender Ltd." as a Defendant, he also appears to refer to this entity throughout the Complaint as "Sun Charters." (*See generally* Compl.).

[2] Plaintiff names XYZ Corporation as a Defendant "to represent the owner(s) and/or operator(s) of the [entity involved in the alleged negligence], insofar as that entity is different than or has a different legal name than the named Defendants herein." (Compl. ¶ 4 (alteration added)). Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). A limited exception exists when "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). In such circumstances, the description must be "sufficiently clear to allow service of process" on the fictitious defendant. *Dean*, 951 F.2d at 1216 (citation omitted); *see also Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (citations omitted).

(1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." (alteration added; citations omitted)), it is

**ORDERED** as follows:

1.      The Clerk of Court is instructed to mark the case as **CLOSED** for administrative purposes only.

2.      The Court retains jurisdiction, and when Plaintiff files proofs of service on all Defendants, the Court will reopen the case on motion by Plaintiff.  This Order shall not prejudice the rights of the parties to this litigation.

3.      Plaintiff is instructed to submit, every **sixty (60) days** from the date of this Order, status reports advising of the status of service on Defendants.

**DONE AND ORDERED** in Miami, Florida, this 18th day of June, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2